UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dante Gutierrez Huttel and Marissa Gutierrez Huttel,<br><br>　　　　　Plaintiff,<br>v.<br><br>IQ Data International, Inc./Rent Collect Global; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | : Civil Action No.: _____<br>:<br>: COMPLAINT<br>:<br>: January 13, 2017 |

For this Complaint, Plaintiffs, Dante Gutierrez Huttel and Marissa Gutierrez Huttel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs, Dante Gutierrez Huttel ("Dante") and Marissa Gutierrez Huttel ("Marissa") collectively referred to as "Plaintiffs", are adult individuals residing in Stamford, Connecticut, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant IQ Data International, Inc./Rent Collect Global ("IQ Data"), is a Washington business entity with an address of 1010 Southeast Everett Mall

Way, Suite 100, Everett, Washington 98208, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by IQ Data and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. IQ Data at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to IQ Data for collection, or IQ Data was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **IQ Data Engages in Harassment and Abusive Tactics**

12. On or about April 26, 2016, IQ Data began contacting Plaintiffs in an attempt to collect the Debt.

13. On or about May 4, 2016, IQ Data called Dante in an attempt to collect the Debt.  Dante disputed the debt and informed IQ Data that the Debt had already been paid.

14. The collector with whom Dante spoke requested proof of payment and provided her email address.

15. Dante emailed proof of payment to IQ Data that same day.

16. Thereafter, IQ Data failed to validate the Debt and instead continued to attempt to collect the Debt from Plaintiffs.

17. On or about May 10, 2016, Plaintiffs mailed a cease and desist letter to IQ Data via certified mail and enclosed a copy of the email previously sent to IQ Data along with the documents showing that the Debt was paid.

18. On or about May 12, 2016, IQ Data called Dante in an attempt to collect the Debt.  During this conversation, IQ Data confirmed that the email containing proof of payment was received.

19. Nevertheless, IQ Data claimed that that they needed to pursue collecting the Debt until they received confirmation from the Creditor that the Debt was paid.

20. On or about May 17, 2016, IQ Data called Marissa in an attempt to collect the Debt.  Marissa told IQ Data that her husband had already spoken with someone in their office and that he had provided proof of payment.  The collector confirmed that proof of payment was received, but that collection efforts would continue because it was still considered an "active account."

21.     The collector advised Marissa that IQ Data had been unable to contact the Creditor and that Marissa should contact the Creditor to confirm that the Debt had been paid.

22.     The collector also advised Marissa that interest on the Debt would be accruing daily and that the Debt would be reported to Plaintiffs' credit reports because it was still listed as an "active account."

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Marissa after receipt of a cease and desist letter.

25.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

26.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiffs in telephone conversations with the intent to annoy and harass Plaintiffs.

27.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with collection of the Debt.

28.     Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to report false credit information.

29. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

30. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

31. Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the debt had not been verified.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

33. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

36. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

37. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2017

Respectfully submitted,

By **/s/ Sergei Lemberg**

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff